■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL BOWLER, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 19, 1970, resentencing defendant *nunc pro tunc,* pursuant to a judgment of the then Bronx County Court, rendered on October 23, 1959, convicting him, upon his plea of guilty of the crime of murder in the second degree and sentencing him to State prison for a term of not less than 20 years, nor more than his natural life, affirmed. At the time his plea was entered, defendant and his three attorneys were mindful of the fact that, in 1959, the defendant faced the death penalty for murder in the first degree, the crime charged against him in the indictment found by the Grand Jury. They also knew that the defendant had made a statement to an Assistant District Attorney, on the day of the homicide that, after the deceased informed him that she did not want to have anything to do with him, he left the room, went to a storeroom, put a bullet in a rifle he had purchased two days before, returned to his wife and, after she again refused to stay with him, shot her between the eyes, killing her instantly. Surely no one can say whether, on this state of facts, a trial jury might or might not have found him guilty of murder in the first degree. The crucial decision was for him to make, after consulting with his lawyers. It is understandable why the plea to murder second was entered. By so doing he was sure to avoid the death penalty. The record clearly indicates that the plea was intentionally and knowingly entered. No reason is shown why same should now be vacated and set aside. Concur — Stevens, P. J., McGivern, Capozzoli and Macken, JJ.; Murphy, J., dissents in the following memorandum: I disagree and would remand for further proceedings. Initially, it is noted that defendant was resentenced without being given the allocution called for by section 480 of the Code of Criminal Procedure. Although this question has not been raised on this appeal, it has been observed that this " substantial legal right * * * cannot be waived ". (*People ex rel. Emanuel* v. *McMann,* 7 N Y 2d 342, 344.) However, since the allocution was given at the time of original sentence and (except for purposes of attacking the constitutionality of a prior felony conviction relied upon as a predicate for multiple felony offender treatment [*People* v. *Wilkins,* 28 N Y 2d 213] — not here involved) a " resentencing hearing * * * is not a device for reopening proceedings prior to the adjudication of guilt but merely a device

to permit a plenary appeal from that adjudication " (*People* v. *Bennett*, 35 A D 2d 1000, affd. 29 N Y 2d 494), I am assuming there is no infirmity in the judgment appealed from; and will deal with the merits of the appeal. Essentially, the issue raised here is the extent of the obligations of a sentencing court when assertions are interposed affecting the defendant's guilt, or the propriety of his earlier plea. The record herein reveals that, before the court accepted defendant's plea of guilty to the crime of murder in the second degree, the District Attorney gave his version of the crime; which indicated that the killing had occurred after defendant's wife returned to the marital apartment (after a two-week absence), announced that she was pregnant with another man's child and that she was leaving him. Defendant thereupon procured his rifle from an adjacent storeroom and, when his wife refused his further pleas to remain, he killed her. On sentence, defense counsel contended that the " crime was committed really in the heat of passion ". The sentencing court recognized that the entire issue was not free from doubt by observing: " One of the situations which may have provoked the conduct here to some degree was about this pregnancy by another man." However, he thereupon sentenced the defendant to 20 years to life imprisonment. Nothing was ever asked of the defendant as to the factual basis for the plea; all that was elicited was that the plea was voluntary and that no prior promises had been made. Under the circumstances here disclosed, further inquiry was required. (*Cf. People* v. *Serrano,* 15 N Y 2d 304; *People* v. *Nixon,* 21 N Y 2d 338; *People* v. *Robbins,* 37 A D 2d 947.) Accordingly, I would reverse the judgment and remand the case to Supreme Court, Bronx County, for further proceedings.